UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

CIVIL ACTION NO. 08-CV-472, TJM/DEP

| | |
|---|---|
| STATE FARM INSURANCE COMPANIES AS THE SUBROGEE OF ATTILA WENGER AND MARIA SARMIENTO-WENGER<br><br>Plaintiff,<br>v.<br>HEWLETT-PACKARD COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT CIVIL CASE MANAGEMENT PLAN**

Now come the parties and hereby submit this joint civil case management plan per the

Court's order:

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the 30th day of September, 2008.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the 30th day of September, 2008.

**3) DISCOVERY DEADLINE:** All discovery in this action shall be completed on or before the 1st day of May, 2009.

**4) MOTION DEADLINES:** All motions, including discover motions shall be made on or before the 15th day of June, 2009.

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the 20th day of October, 2009. It is anticipated that the trial will take approximately five (5) days to complete. The parties request the trial to be held in Albany, NY.

**6) HAVE THE PARTIES FILED A JURY DEMAND:** Yes.

**7) DOES THE COURT HAVE SUBJECT MATTER JURIDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL THE PARTIES BEEN SERVED:** Yes.

**8) FACTUAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES:** The cases arises out of fire at the residence of Attila Wenger and Maria Sarmiento-Wenger (the "Wengers") located at 144 Rolling Hills Drive, Halcottsville, NY. Plaintiff, State Farm Insurance Companies ("State Farm"), is the subrogee of the Wengers. State Farm contends that the fire was caused by a defect in a product of the defendant Hewlett-Packard Company ("HP"). State Farm has brought claims sounding in negligence and breach of warranty. Defendant HP contends that the fire was not caused by its product.

**9) FACTUAL AND LEGAL ISSUES IN GENUINE DISPUTE:** While it is somewhat early in the life of the case to set forth all factual/legal issues in dispute, it seems that the main factual dispute is whether HP's product caused the fire in question. There may be issues related to the measure of the plaintiff's damages as well.

**10) CAN ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION OR MOTION:** The parties intend to conduct a joint destructive analysis of the evidence. This may help them narrow the main factual issue in the case. It is too early to tell if other issues may be narrowed by motion.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT:** The plaintiff seeks a monetary recover in the principal amount of $430,851.34.

**12) DISCOVERY PLAN:**

A. **Mandatory Disclosures:**

The parties will exchange the mandatory disclosures required under Rule 26(a)(I) or before August 15.

B. **Subjects of Disclosure:**

The parties jointly agree that discovery will be needed to address the following subjects: issues related to liability including the cause of the fire in the Wenger residence as well as plaintiff's damages.

C. **Discovery Sequence**

The parties expect to phase discovery to include a joint, destructive physical examination as the first step in the case as it may help lead the case to an early disposition. It will be followed by written discovery, fact depositions, expert disclosure and expert depositions:
Written Discovery: to be completed on or before September 30, 2008.
Deposition Discovery (non-expert): to be completed or before May 1, 2009

Electronic Discovery: the parties do not foresee the need for a special order with respect to electronic discovery.

### D. Written Discovery

The parties will exchange written discovery to including interrogatories and requests for production on issues of liability or damages.

### E. Depositions

The parties expect there to be ten (10) depositions or less. Depositions may include: Wenger family members, fire investigator(s) or personnel (non-party fact witnesses), a representative of State Farm and a representative of HP. The parties will endeavor to arrange for a mutually agreeable location for each such deposition.

### F. Expert

It is anticipated that the parties may retain experts on issues of fire cause and original, electronics and damages. The parties do not request a variance from the typical court order with respect to expert disclosure. The parties agree that depositions may be taken of each other's expert(s).

### G. Electronic Discovery

The parties do not anticipate the need for discovery of electronically stored information.

### H. Protective Orders

The parties anticipate requesting a protective order in this case. Specifically, the parties will seek a protective order to cover materials produce by HP in the course of discovery which may include proprietary and confidential information about its product.

### I. Anticipated Issues Requiring Court Intervention

The parties are not aware of any issues that would require Court intervention at the present time.

**13. IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFUCATE ISSUES FOR TRIAL:** It is too early to tell but both of the parties will endeavor to take reasonable steps to reduce the length of trial by the means suggested.

**14. ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT:** No.

**15. IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED:** Not applicable.

**16. PROSPECTS FOR SETTLEMENT:** The prospects for settlement cannot be evaluated before the joint destructive analysis of the evidence to be completed on or before September 1, 2008.

Pursuant to Fed.R.Civ.P. 26(f) a meeting was held on May 27, 2008 via conference call and was attended by Brianne Carbonaro, Esq. for the plaintiff and Christopher G. Betke, Esq. for the defendant.

Respectfully Submitted,

STATE FARM INSURANCE COMPANIES

/S/ Brianne Carbonaro
_____
Brianne Carbonaro, Esq.
 Bar Roll No. 513242
Ali, Pappas & Cox, P.C.
614 James Street, Suite 100
Syracuse, New York 13203
(315) 472-4481

--- and ---

HEWLETT-PACKARD CO.,

/S/ Andrew R. Ferguson
_____
Andrew R. Ferguson, Esq.
 Bar Roll No. 507538
RYAN, COUGHLIN & BETKE
175 Federal Street
Boston, Massachusetts 02110
(617) 988-8050

## Certificate of Service

I, Andrew R. Ferguson, do hereby certify that on this 4th day of June, 2008, I served a copy of the within document electronically and via first class mail, postage prepaid to: Brianne M. Carbonaro, Esq. (bcarbonaro@apclegal.com), Ali, Pappas & Cox, P.C.,614 James Street, Suite 100, Syracuse, New York 13203.

/S/ Andrew R. Ferguson

_____

Andrew R. Ferguson, Esq.